Docusign Envelope ID: FCD3C880-364C-4DBA-A052-96202EB1C86E

# DECLARATION OF JOHN ROWLEY

1. I, John P. Rowley III, state that I am over the age of eighteen and competent to make this sworn declaration.

2. I am an attorney with SECIL Law in Washington, D.C. and currently serve as retained counsel for U.S. Representative Andrew William Ogles.

3. On Friday, August 2, 2024, the FBI executed a search warrant at Congressman Ogles' residence and took possession of his cell phone.

4. On the following Monday, August 5, 2024, as counsel for Congressman Ogles, I attempted to contact the FBI agent who had seized the cell phone.

5. Later that same day, I spoke with attorneys from Public Integrity Section of the Department of Justice and the U.S. Attorney's Office for the Middle District of Tennessee about the phone seizure. In a subsequent conversation, I learned from them that, in addition to the warrant for the cell phone, the Court previously had issued another search warrant that authorized the seizure of information from Congressman Ogles' Google email account.

6. I had several calls with the Justice Department prosecutors, and I explained that Congressman Ogles' cell phone and Google email account contain legislative materials that are protected by the Speech or Debate Clause. I told them that the U.S. Court of Appeals for the District of Columbia has recognized that a Member of Congress must be given an opportunity to review cell phone and email communications before the Executive Branch is entitled to access them so that he and his counsel can identify protected legislative materials.

Docusign Envelope ID: FCD3C880-364C-4DBA-A052-96202EB1C86E

7. I specifically referenced the decisions in *United States v. Rayburn House Office Bldg., Room 2113, Washington, D.C. 20515*, 497 F.3d 654, 660 (D.C. Cir. 2007), and *In re Sealed Case (Perry)*, 80 F.4th 355 (D.C. Cir. 2023), which establish a protocol for the Member's review of legislative materials so that his privileged materials can be removed before the Executive Branch sees the rest. Consistent with these decisions, I demanded that the materials seized from Congressman Ogles be treated in a manner consistent with this protocol.

8. The Executive Branch prosecutors refused and told me that their position is that *Rayburn* and *In re Sealed Case (Perry)* are not binding precedent in the Sixth Circuit and that they intend to have a Justice Department "taint team" proceed with reviewing the information on Congressman Ogles' cell phone and email account. They stated that, in their view, the Executive's "taint team" can review *all* the information seized pursuant to a warrant and decide for themselves which information is legislative and therefore privileged under the Speech or Debate Clause.

9. After I told the prosecutors that we intended to challenge this approach as unconstitutional, and at my request, the Justice Department "agreed not to review the contents of Rep. Ogles' cellphone and Google account until a magistrate or district judge of the Middle District of Tennessee rules on Ogles' motion."

10. During my conversations with prosecutors, they informed me that they considered Congressman Ogles to be a "subject" of their investigation rather than a "target."

Docusign Envelope ID: FCD3C880-364C-4DBA-A052-96202EB1C86E

11. Under longstanding Department of Justice policy, "a 'target' is a person as to whom the prosecutor . . . has substantial evidence linking him or her to the commission of a crime and who, in the judgment of the prosecutor, is a putative defendant." JUST. MANUAL § 9-11.151 (2023). A "subject," on the other hand, is merely "a person whose conduct is within the scope of the grand jury's investigation." *Id.*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*John Rowley*
FA6C55C4D7A8421...

John P. Rowley III
September 3, 2024