UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: Information Associated with w***********1@gmail.com That Is Stored at Premises Controlled by Google, Inc.<br><br>In re: A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles. | Case No. 3:24-mj-04250<br>Case No. 3:24-mj-04276<br><br>Magistrate Judge Luke A. Evans |

**MEMORANDUM ORDER**

On September 4, 2026, the Court issued an order in each of these miscellaneous cases (the 4250 Case and the 4276 Case) granting in part motions to unseal by interested party Scripps Media, Inc. (4250 Case, Doc. No. 34; 4276 Case, Doc. No. 33.) In those orders, the Court solicited proposed redactions from the Government that would allow the Court to "undertake an individualized analysis of whether the proposed redactions are or are not sufficient to protect the privacy, reputational, and safety concerns that might make the interest in non-disclosure compelling, and of whether the proposed redactions are narrowly tailored to balance the competing interests." *United States v. Suppressed*, No. 22 M 1000, 2024 U.S. Dist. LEXIS 115461, at *26–27 (N.D. Ill. July 1, 2024) (citations omitted); *see also In re PennLive*, No. CV 1:22-MC-00756, 2024 WL 1619278, at *5 (M.D. Pa. Apr. 15, 2024) (directing unsealing of search warrant materials but permitting Government to file proposed redactions *ex parte* and under seal and "to explain their justification for each redaction to the fullest extent possible"); *United States v. Cohen*, 366 F. Supp. 3d 612, 634 (S.D.N.Y. 2019) (giving Government three weeks to file a sealed, *ex parte* copy of proposed redactions); *In re WP Co. LLC*, No. 16-mc-351, 2016 U.S. Dist. LEXIS 55924, at *7 (giving Government one week to file proposed redactions under seal); *In re Search Warrant*, No.

00-138M-01, 2000 WL 1196327, at *2 (D.D.C. July 24, 2000) (giving Government two weeks to file proposed reductions under seal). The Government subsequently filed sealed, *ex parte* papers proposing appropriate redactions in each miscellaneous case. (4250 Case, Doc. No. 38; 4276 Case, Doc. No. 37.) The Court also denied Ogles's motion in each case for a stay. (4250 Case, Doc. No. 39; 4276 Case, Doc. No. 38.)

The Court has reviewed *in camera* the Government's proposed redactions in each case and finds them appropriate without any changes. Accordingly, the Court orders as follows:

1) In the 4250 Case, the Clerk of the Court is DIRECTED to unseal Doc. No. 38-1 and to assign it a new docket entry number. The sealed *ex parte* document at Doc. No. 38 shall remain sealed.

2) In the 4276 Case, the Clerk of the Court is DIRECTED to unseal Doc. No. 37-1 and to assign it a new docket entry number. The sealed *ex parte* document at Doc. No. 37 shall remain sealed.

It is so ORDERED.

LUKE A. EVANS
United States Magistrate Judge