IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE GOOGLE ACCOUNT w************1@gmail.com THAT IS STORED AT PREMISES CONTROLLED BY GOOGLE LLC | Case No. 24-mj-4250<br><br>**Filed Under Seal** |

**UNITED STATES' RESPONSE TO SCRIPPS MEDIA'S OBJECTIONS TO REDACTIONS TO SEARCH WARRANT**

The United States of America, by and through Braden H. Boucek, United States Attorney for the Middle District of Tennessee, and Robert E. McGuire, First Assistant United States Attorney, hereby submits this response to Scripps Media's notice of objections and memorandum of law in support (ECF No. 55, 56).

On September 24, 2026, the Government submitted an *ex parte*, sealed filing in which it explained its justifications for proposed certain redactions to the search warrant affidavit. (ECF No. 38.) On October 2, 2026, Judge Evans entered a Memorandum Order approving of the Government's proposed redactions (ECF No. 44). The redacted version of the document was subsequently docketed at ECF No. 45-1, 45-2, and 45-3.

In its filings, Scripps Media objects to the redactions to paragraphs 12, 24–25, 27–28, 30, 32, 35, and 38–49 of the affidavit (ECF No. 45-1).[1] Scripps Media raises three separate issues.

First, Scripps Media notes that the Court's Order failed to articulate why any of these specific portions of the affidavit were redacted. (ECF No. 56, PageID #: 697-98, 704-06.) Second, Scripps Media argues that paragraphs 35 and 38–49 of the affidavit should be unredacted because

[1] Scripps Media does not object to the other redactions.

there is a strong public interest in these specific redactions and that no countervailing interests justify withholding the information. (*Id.*, PageID #: 706-10.) Third, Scripps Media argues that paragraphs 12, 24–25, 27–28, 30, and 32 should be unredacted because the redacted names are already public elsewhere as a function of federal campaign finance disclosure law and so there is no interest that justifies the continued withholding of those names here. (*Id.*, PageID #: 710-11.)

As for Scripps Media's threshold objection that the Court's Order did not articulate reasons for the redactions, that objection is easily remedied by the Court entering a written order to explain the justification for the redactions. *See, e.g., United States v. DeJournett*, 817 F.3d 479, 485-86 (6th Cir. 2016) (remanding case to allow district court to put sealing justification on the record).

The Government previously articulated its reasons for the proposed redactions in its *ex parte*, sealed filing. (ECF No. 38). However, the Government addresses the specific paragraphs identified by Scripps Media in its objections.

I. <u>Privacy Interests Outweigh the Public's Right of Access to Certain Information</u>

With respect to paragraphs 35 and 38–49 and a portion of paragraph 12,[2] the Government maintains that these redactions are appropriate because countervailing privacy interests outweigh the public's interest in its disclosure. Specifically, these redactions protect:

1. The names and personal information of putative (but uncharged) co-conspirators, in accordance with Fed. Crim. R. Pro. 49.1(e)(1) and the Department of Justice's practice of

[2] In one portion of the notice of objections, Scripps Media indicates that this objection applies to paragraphs "35, ***28***–49." (ECF No. 55, PageID #: 628 (emphasis added)). This appears to be a typographical error, both because it would be superfluous to separately identify paragraph 35 if it were included in the paragraph range and also because Scripps Media elsewhere identifies paragraphs "***38***–49" as the paragraphs at issue. (*Id.*, PageID #: 627, 629 (emphasis added)). Seemingly confirming this is that Scripps Media's memorandum in support similarly identifies paragraphs 38–49 as at issue. (*E.g.,* ECF No. 56, PageID #: 698, 699, 712.)

avoiding publicly accusing uncharged person(s) of engaging in criminal conduct (*see* Affidavit in Support, ¶¶ 46–48, 49.e–49.f);

2. The email account addresses of individual(s) connected to the conduct under criminal investigation (*see*, Affidavit in Support, ¶ 48);

3. Information obtained via grand jury subpoena (*see* Affidavit in Support, ¶¶ 35–43, and 44). Such records fall within the ambit of Rule 6(e)'s grand jury secrecy requirements. *See, e.g., United States v. Rutherford*, 509 F.3d 791, 795 (6th Cir. 2007) (documents obtained via grand jury subpoena are subject to protections of Rule 6(e) and presumed to be "matters occurring before the grand jury"); *In re Grand Jury Proceedings*, 851 F.2d 860, 866 (6th Cir. 1988) (same). The Sixth Circuit has observed that "grand juries require a generous zone of secrecy in order to perform their investigative functions." *Rutherford*, 509 F.3d at 795. The Government submits that the Court should preserve the secrecy of the grand jury's proceedings. *See* Fed. Crim. R. Pro. 6(e)(6) ("[r]ecords . . . relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury.").

The Government respectfully submits that the common-law right of access does not apply to material protected by Rule 6(e), because "the common law has been supplanted by Rule 6(e)(5) and Rule 6(e)(6) of the Federal Rules of Criminal Procedure. These Rules, not the common law, now govern." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998).

The Government recognizes that the Court has the authority, under Rule 6(e)(3)(E)(i), to exercise its discretion and authorize disclosure of a grand jury matter "preliminarily to or in connection with a judicial proceeding." However, for the foregoing reasons, the Government submits that the redactions are appropriate to protect grand jury secrecy and that the Court should

decline to exercise its discretion to disclose the information;

4. Other sealed legal process, which includes search warrants and orders under 18 U.S.C. § 2703(d) obtained by the Government (*see* Affidavit in Support, ¶¶ 46–48, 49.a–49.h). This legal process (and the records obtained as a result) have not been subject to public reporting and were not at issue in Rep. Ogles' publicly-filed challenges to the search warrants for his phone and email account.[3] The Government submits that this legal process—which was obtained under seal and is still currently sealed—should not be publicly revealed; and

5. Information concerning a confidential source whose assistance to law enforcement is not publicly known (*see* Affidavit in Support, ¶¶ 12, 45). The Government submits that disclosure of the information provided by the source might directly or indirectly reveal the source's identity and assistance—which would expose the source to unwanted public attention and potential reprisals. Public revelation of this information could also threaten to undermine law enforcement's ability to use confidential sources in future investigations.

The Government respectfully submits that the public's right of access to the redacted information is outweighed by the countervailing privacy interests of third parties, grand jury secrecy, and prior orders of the Court to protect against the public disclosure of law enforcement's use of certain investigative tools in connection with the criminal investigation. The Government submits that, should the Court agree, it would be appropriate for the Court to enter an order affirming and explaining the basis for the redactions to paragraphs 12, 35, and 38–49.

[3] Prior to Rep. Ogles' filing of the emergency motions for return of property in 2024, the Government specifically advised counsel for Rep. Ogles that the Government believed any motion should be filed under seal—and requested that the parties should litigate the privilege issue(s) under seal. However, Rep. Ogles' counsel advised that they were under no such obligation to do so and Rep. Ogles elected to publicly file the motions.

## II. Scripps Media's Objection to Names Listed in Public FEC Filings Is Well-Taken

However, with respect to the redactions to paragraphs 24–25, 27–28, 30, 32, and the name listed in the second sentence of paragraph 12, the Government has no objection to removal of the redactions to the names listed in these specific paragraphs because this information is already available elsewhere in the public domain.

## CONCLUSION

The Government does not oppose Scripps Media's objections to the redactions of the names listed in paragraphs 12, 24–25, 27–28, 30, and 32 of ECF No. 45-1, and that such redactions may therefore be removed. However, the Government respectfully submits that Scripps Media's other objections—to the redactions of the remainder of paragraph 12 and to paragraphs 35 and 38–49—should be overruled, for the reasons set forth above and that such information is properly redacted.

Respectfully submitted,

BRADEN H. BOUCEK
United States Attorney

By: /s/ Robert E. McGuire
ROBERT E. McGUIRE
First Assistant U.S. Attorney
719 Church Street, Suite 3300
Nashville, Tennessee 37203
Phone: (615) 736-5151