**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| In the Matter of the Search of Information Associated with w***********1@gmail.com That is Stored at Premises Controlled by Google, Inc., | ) | |
| In the Matter of the Search of A Wireless Telephone Assigned Telephone Number (615) ***-****, Believed to Be Used by William Andrew Ogles, | ) | Case Nos. 3:24-mj-04250 and 3:24-mj-04276<br><br>District Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Luke A. Evans |
| U.S. Representative William Andrew Ogles, in both his official capacity as a Member of the U.S. House of Representatives, and his individual capacity, | ) | [FILED IN BOTH CASES] |
| Movant, | ) | |
| Scripps Media, Inc., | ) | |
| Intervenor. | ) | |

**CONGRESSMAN OGLES'S RESPONSE IN OPPOSITION TO SCRIPPS MEDIA, INC.'S OBJECTIONS TO THE OCTOBER 2, 2026, ORDER**

Congressman Ogles asks this Court to deny Scripps Media, Inc.'s ("Scripps") request to remove the redactions approved in the October 2, 2026, Order (the "October 2 Order"), Dkt. 43.[1] After the United States (the "Government") ended its investigation of Congressman Ogles without bringing charges, Scripps moved to unseal the warrant materials. Dkt. 33 at 1, 9; Dkt. 26 at 1–2. Congressman Ogles opposed disclosure, but on September 4, 2026, the Magistrate Judge granted Scripps's request in part and directed the Government to propose redactions protecting privacy, reputation, and safety. Dkt. 31 at 13–14; Dkt. 33 at 10–11. The Government

[1] Unless otherwise indicated, docket citations refer to Case No. 3:24-mj-04276.

submitted its proposals, and the Magistrate Judge approved them on October 2 as "appropriate without any changes." Dkt. 43 at 2.

Scripps now dismisses Congressman Ogles's privacy interests as "utterly insubstantial." Dkt. 55 at 13. That position discounts the serious reputational harm courts have recognized when an uncharged person has no trial at which to contest the Government's accusations. *See United States v. Smith*, 776 F.2d 1104, 1113–15 (3d Cir. 1985). The Court must weigh the benefit of further disclosure against the harm to Congressman Ogles and other uncharged people. *See United States v. Beckham*, 789 F.2d 401, 409, 413 (6th Cir. 1986). The Government struck that balance when it proposed the redactions now in dispute. It compiled the investigative record, and its redactions protect the third parties that record describes as well as Congressman Ogles. Dkt. 43 at 1–2; Dkt. 55 at 6–7, 15. The public affidavits already identify the suspected offenses and disclose extensive campaign finance information. Dkt. 44-1 ¶¶ 4, 22–30, 35–39; Case No. 3:24-mj-04250, Dkt. 45-1 ¶¶ 4, 24–32, 38–42. This opposition, submitted in response to the Court's October 19, 2026, Order, Dkt. 56, addresses Scripps's three objections to the remaining redactions. Congressman Ogles maintains his broader objections.

## BACKGROUND

In 2024, the Government investigated whether Congressman Ogles had omitted or misstated required information in his financial disclosures and campaign reports. Dkt. 33 at 1–2. As part of that investigation, the Government obtained warrants for information in Congressman Ogles's personal Google account on July

12, 2024, and for his personal telephone on July 30, 2024. Dkt. 31 at 4; Dkt. 27 at 3–4. The warrants and their supporting applications remained sealed when the Court opened the rest of both dockets in September 2024. Dkt. 33 at 1, 4. The Government later ended the investigation without bringing charges. *Id.* at 1, 9.

On August 13, 2026, Scripps moved to intervene and unseal the warrants and related filings. Dkt. 26 at 1–2. The Government took no position on that request but reserved the right to propose redactions if the Court ordered disclosure. *Id.* at 2. Congressman Ogles opposed disclosure and, alternatively, asked that counsel be allowed to review the materials and propose redactions. Dkt. 31 at 13-14. The September 4, 2026, Memorandum Order (the "Unsealing Order"), Dkt. 33, authorized disclosure subject to redactions protecting privacy, reputation, and safety. *Id.* at 10–11. Congressman Ogles objected and renewed his request for counsel's participation. Dkt. 36 at 8–17; Dkt. 39 at 5–6.

The Government submitted proposed redactions and supporting papers under seal. Dkt. 43 at 1–2. The October 2 Order approved the redactions and kept the supporting papers sealed. *Id.* at 2. Scripps now challenges redactions in paragraphs 10, 22–23, 25–26, 28, 30, and 33–44 of the telephone warrant affidavit, Dkt. 44-1 (the "Telephone Affidavit"), and paragraphs 12, 24–25, 27–28, 30, 32, 35, and 38–49 of the Google warrant affidavit, Case No. 3:24-mj-04250, Dkt. 45-1 (the "Google Affidavit"). Dkt. 54 at 1–4. Its objections seek names and substantial passages concerning financial matters and the asserted grounds for searching Congressman Ogles's telephone and email account. Dkt. 55 at 6–7, 10–15.

## ARGUMENT

### I. The Court May Uphold Redactions Based on Sealed Submissions.

The Court should uphold redactions supported by the Government's sealed submissions. Scripps faults the October 2 Order for failing to explain the redactions in sufficient detail. Dkt. 55 at 8–10. The Court must give specific reasons for each redaction and confine it to the information that requires protection. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305–06 (6th Cir. 2016). But those reasons need not appear entirely in a public order. The Sixth Circuit explained in *In re Search of Fair Finance* that, when necessary, "the government's submission and the officer's reason for sealing the documents can be filed under seal." 692 F.3d 424, 434 (6th Cir. 2012) (quoting *Baltimore Suns Co. v. Goetz,* 886 F.2d 60, 65 (4th Cir. 1989)). It found the Government's motion, supporting affidavit, and sealing order together sufficient for review. *Id.* at 434 & n.4.

Scripps distinguishes *Fair Finance* because it concerned an ongoing investigation in which "time is of the essence." Dkt. 55 at 9–10 (quoting *Fair Fin.*, 692 F.3d at 434). That passage permits a judicial officer to adopt credible facts the Government supplied. *See Fair Fin.*, 692 F.3d at 434. In the Project Veritas investigation, for example, the Southern District of New York approved redactions based in part on sealed submissions after the investigation ended without charges. *In re Search Warrant Dated Nov. 5, 2021*, 2021 WL 5850728, No. 21-mc-813, slip op. at 1–3 (S.D.N.Y. Dec 21, 2021), ECF No. 183. Redacted warrant materials had already been released when the Government submitted its renewed motion and revised

proposed redactions under seal. *Id.* at 1. The court approved narrowly tailored redactions, including those protecting uncharged third parties. *Id.* at 2.

The Government likewise submitted its proposed redactions here after the investigation ended. Dkt. 43 at 1–2. When the Government took no position on Scripps's motion to unseal, it expressly reserved the right to propose redactions. Dkt. 26 at 2. The Court then invited proposals addressing "privacy, reputational, and safety concerns." Dkt. 43 at 1. The Magistrate Judge reviewed and approved the proposed redactions. *Id.* at 2. Those redactions reflect the judgment of the party best positioned to make it. The Government holds the full investigative file from which the affidavits were drawn, and it can see how each withheld passage connects to the evidence and to the people the passage discusses. *Fair Finance* permits the Court to adopt facts the Government presents when the evidence appears credible. *See Fair Fin.,* 692 F.3d at 434. Scripps's argument that the original need to protect an ongoing investigation has expired does not address these later submissions or the third-party and reputational interests they protect. *See* Dkt. 55 at 9–10.

The Court can assess those interests by considering the sealed submissions along with the responses it ordered from the Government and Congressman Ogles. That review can address the privacy grounds even though the October 2 Order did not recite Congressman Ogles's own arguments. *See* Dkt. 43 at 1–2; Dkt. 55 at 12–13. If fuller findings are needed, Congressman Ogles asks the Court to make them before authorizing further disclosure. *Cf. United States v. DeJournett*, 817 F.3d 479, 485–86 (6th Cir. 2016) (vacating an order restricting access to a plea agreement and

remanding for case-specific findings rather than directing release).

## II. The Limited Public Benefit Does Not Justify Reputational Harm.

The Court should preserve the redactions that protect Congressman Ogles from further reputational harm. Scripps argues that the withheld passages bear on probable cause and that no countervailing interest justifies protecting them. Dkt. 55 at 10–14. The common law requires the Court to weigh the additional public benefit of disclosure against the harm to the people discussed in the records. *Beckham*, 789 F.2d at 409. Congressman Ogles has identified a substantial injury: publication of the Government's accusations without a criminal proceeding in which to contest them. Dkt. 31 at 8–11; Dkt. 39 at 4–5.

Courts have protected public officials against that injury. In *Smith*, the Third Circuit upheld an order withholding a list of alleged unindicted coconspirators, including public officials and employees. 776 F.2d at 1113–15. The court recognized the public interest in official integrity but found that disclosure threatened serious, potentially irreparable harm to people who "will not have an opportunity to prove their innocence in a trial." *Id.* at 1113–14. Both the First Amendment and the common law supported access to the bill of particulars, yet the court protected the names while leaving the rest of the proceedings public. *Id.* at 1112–15. That reasoning supports retaining redactions while leaving the rest of the affidavits available for public scrutiny. *See id.* at 1113–15.

Warrant affidavits present the same risk. Publication may "damage an unindicted target's reputation while leaving no judicial forum to rehabilitate that

reputation." *United States v. Sealed Search Warrants*, 868 F.3d 385, 395 (5th Cir. 2017). Although that case involved an ongoing investigation, the court recognized reputational harm as a reason for protection apart from interference with investigators. *Id.* Here, the Government ended its investigation without bringing charges, leaving Congressman Ogles without a criminal proceeding in which to contest the agent's allegations. Dkt. 33 at 1, 9; Dkt. 39 at 4–5. The Court should retain redactions needed to prevent further harm from publication of that limited account. *See Sealed Search Warrants*, 868 F.3d at 395–96; *Smith*, 776 F.2d at 1113–15.

The public's interest in reviewing the Government's conduct does not displace these protections. Scripps invokes judicial oversight, the separation-of-powers concerns raised by investigating a Member of Congress, and the importance of campaign finance disclosure laws. It also seeks to assess Congressman Ogles's allegations of political bias. Dkt. 55 at 11–12. Under *Beckham*, the conduct of public officials adds weight to the public interest in access, but the Court must still weigh all relevant interests. 789 F.2d at 409, 413. Those oversight concerns therefore belong in the balance alongside the harm of disclosing accusations that an uncharged person cannot contest at trial. *See id.*; *Smith*, 776 F.2d at 1113–15.

The Court must also measure the benefit of further disclosure against what the affidavits already reveal. *See Beckham*, 789 F.2d at 409. They identify the suspected offenses, describe the campaign reports at issue, and disclose receipts, expenditures, and cash balances. Telephone Aff. ¶¶ 4, 23–30, 35–39; Google Aff. ¶¶ 4, 24–32, 38–42. The Unsealing Order found that "the incremental gain in knowledge

from unsealing will not be large" and required redactions before release. Dkt. 33 at 8–11. Scripps emphasizes passages describing the evidence the agent reviewed, the campaign's financial figures, and the asserted connection between the suspected offenses and Congressman Ogles's phone and email account. Dkt. 55 at 6–7, 10–11. Those passages may bear on probable cause and still contain information that warrants protection. The fact that a passage adds detail neither requires disclosure nor supplies a reason to withhold it; the Court must weigh the benefit of that disclosure against the harm it would cause. *See Beckham*, 789 F.2d at 409; *Sealed Search Warrants*, 868 F.3d at 395–96.

Prior publicity does not relieve the Court of that inquiry. Scripps calls Congressman Ogles's privacy interests "utterly insubstantial," citing his public office, news coverage of the investigation, and his own statements about it. Dkt. 55 at 13. The Sixth Circuit has recognized, however, that an elected official retains a privacy interest after an investigation ends without charges. In *Cincinnati Enquirer v. Department of Justice*, a newspaper sought investigative records concerning an elected state prosecutor under the Freedom of Information Act. 45 F.4th 929, 931–34 (6th Cir. 2022). The court concluded that the prosecutor's public office reduced his privacy interest but did not extinguish it. *Id.* at 933–34. As for Congressman Ogles's statements, Scripps cites his account of the investigation's outcome and his criticism of its political motives. Dkt. 55 at 4–5, 12–13. Scripps identifies no statement disclosing the passages it now seeks. *See id.*

Scripps also relies on *In re L.A. Times Commc'ns LLC*, 28 F.4th 292 (D.C. Cir.

2022), which addressed access to warrant materials from the insider trading investigation of Senator Richard Burr. Dkt. 55 at 13. The D.C. Circuit required the district court to account for prior publicity, Senator Burr's acknowledgment of the investigation, and disclosures by the Securities and Exchange Commission. *L.A. Times*, 28 F.4th at 297–99. It remanded for reconsideration of sealing and redaction rather than directing release of all the warrant materials. *Id.* at 297–98.

## III. Public Filings Do Not Justify Exposing Private Information.

The Court should retain redactions that protect uncharged third parties, even where public campaign filings identify their roles. Scripps identifies Lee Beaman and Thomas Datwyler as campaign treasurers through public filings and argues that their campaign activities carry no privacy interest sufficient to justify these redactions. Dkt. 55 at 6–7, 14–15. But the Sixth Circuit directs that "the privacy interests of innocent third parties should weigh heavily in a court's balancing equation." *Shane Grp.*, 825 F.3d at 308 (quoting *United States v. Amodeo,* 71 F.3d 1044, 1050 (2d Cir. 1995)). The Court must consider whether a passage would expose private information or suggest that an uncharged person participated in wrongdoing. *See United States v. Cohen*, 366 F. Supp. 3d 612, 624–26 (S.D.N.Y. 2019). Those interests require protection even when the people concerned have not appeared. *See In re Newsday, Inc.*, 895 F.2d 74, 79–80 (2d Cir. 1990) (affirming redactions to a warrant affidavit and emphasizing the trial judge's duty to protect absent third parties). The Government, which compiled the record about those third parties, proposed redactions in response to an order directing it to protect privacy. Dkt. 33 at

10–11; Dkt. 43 at 1-2.

Scripps's reliance on *Cohen* overlooks the protections that decision afforded uncharged individuals. Scripps cites the case for the proposition that additional details do not justify withholding information. Dkt. 55 at 14. The cited passage concerned financial institutions that were victims of false statements, where the Government had identified no privacy injury from disclosure. *Cohen*, 366 F. Supp. 3d at 625–26. The court separately protected the names and descriptions of uncharged individuals, along with references suggesting their criminal complicity, even in portions of the investigation that had concluded. *Id.* at 624–26. It released less sensitive descriptions of transactions. *Id.* at 625–26. That distinction supports protecting passages that would implicate an uncharged person in suspected wrongdoing. *See id.* at 624–26.

Private financial information may also warrant protection without suggesting criminal conduct. The Sixth Circuit denied mandamus where newspapers sought access to two exhibits containing bank customers' financial records while the rest of the record remained open. *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 477–78 (6th Cir. 1983). Scripps invokes the presumption of access recognized in that decision without addressing the protection it upheld. Dkt. 55 at 8. The public interest in Congressman Ogles's campaign likewise does not, by itself, justify publishing private financial information about third parties. *See Knoxville News-Sentinel*, 723 F.2d at 477–78.

The publicity surrounding the Burr investigation did not defeat those separate

interests either. On remand in *L.A. Times*, the district court ordered further disclosure about Senator Burr and another investigative target but retained redactions protecting private financial information about third parties and confidential witness information. *In re L.A. Times Commc'ns LLC*, 628 F. Supp. 3d 55, 69–70 (D.D.C. 2022). The court preserved those protections although the investigation had ended without charges and the targets had discussed it publicly. *Id.* at 58–59, 69–70. Scripps's arguments about Congressman Ogles's public position and statements likewise provide no reason to disregard the separate interests of third parties here. *See* Dkt. 55 at 12–15; *L.A. Times*, 628 F. Supp 3d at 69–70.

The campaign disclosure requirements Scripps invokes do not resolve whether the additional investigative narrative warrants protection. Scripps cites Federal Election Commission ("FEC") rules requiring disclosure of treasurers and campaign financial information. Dkt. 55 at 15 (citing 11 C.F.R. §§ 102.2, 104.3). But its objections reach beyond the names and figures in those public filings. *See* Dkt. 55 at 6–7, 14–15. Paragraph 10 of the Telephone Affidavit and paragraph 12 of the Google Affidavit redact a treasurer's name from a description of an FEC filing and then withhold additional text. Telephone Aff. ¶ 10; Google Aff. ¶ 12. Other challenged paragraphs disclose financial figures alongside redacted passages. Telephone Aff. ¶¶ 35–39; Google Aff. ¶¶ 38–42. The Court should protect passages that would implicate an uncharged person or reveal private financial affairs when compelling privacy interests outweigh the public interest in disclosure. *See Cohen*, 366 F. Supp. 3d at 624–26; *Knoxville News-Sentinel*, 723 F.2d at 477–78. Public disclosure of a name or

financial figure does not require release of surrounding material that independently warrants protection. *Cf. Shane Grp.*, 825 F.3d at 308 (allowing parties to justify sealing specific information on a document-by-document, line-by-line basis).

Even when a name remains redacted, the surrounding narrative may reveal whose conduct the affidavit describes. The Northern District of Ohio kept an affidavit sealed during an ongoing investigation because readers familiar with the events could identify participants even if their names were removed. *In re Search Warrants for Nat'l Builders Corp.*, 833 F. Supp. 644, 645–46 (N.D. Ohio 1993). Here, Scripps's own comparison of the affidavits with public filings demonstrates that risk: Scripps identifies campaign treasurers whose names have been redacted. Dkt. 55 at 6–7, 15. The Government, which holds the full investigative file, can see which surrounding details would complete that identification. Scripps, working from public filings alone, cannot. Congressman Ogles raised the same concern in his original opposition and motion to stay. Dkt. 31 at 13–14; Dkt. 39 at 5–6. The Court should preserve redactions that prevent the narrative from identifying an uncharged person and disclosing information that warrants protection. *See Cohen*, 366 F. Supp. 3d at 625.

These risks also support Congressman Ogles's request for confidential review by counsel before any further disclosure. Dkt. 31 at 13–14; Dkt. 39 at 5–6. Counsel could identify private information and explain how the narrative may reveal a person's identity despite removal of a name. *See* Dkt. 39 at 5–6. The Court should retain the challenged redactions and permit counsel to address the disputed passages under confidentiality restrictions before ordering any further disclosure.


Case 3:24-mj-04250 Document 59 Filed 11/02/26 Page 12 of 14 PageID #: 731

## CONCLUSION

The Court should deny Scripps's request to remove the challenged redactions. If the Court is inclined to lift certain redactions, it should permit Congressman Ogles's counsel to address the disputed passages under confidentiality restrictions.

Date: November 2, 2026

Respectfully submitted,


/s/ John R. Glover
J. Alex Little (No. 29858)
Zachary C. Lawson (No. 36092)
John R. Glover (No. 37772)
LITSON PLLC
54 Music Square East, Suite 300
Nashville, TN 37203
Telephone: 615-985-8205
alex@litson.co
zack@litson.co
jr@litson.co

David Louis Raybin (No. 3385)
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
Telephone: (615) 256-6666 Ext. 220
draybin@NashvilleTnLaw.com

*John S. Irving IV (admitted pro hac vice)*
*John P. Rowley III (admitted pro hac vice)*
SECIL LAW PLLC
1701 Pennsylvania Ave., N.W., Suite 200
Washington, D.C. 20006
jirving@SECILlaw.com
jrowley@SECILlaw.com

*Counsel for Congressman Ogles*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2026, a true and correct copy of the foregoing was filed electronically in Case Nos. 3:24-mj-04250 and 3:24-mj-04276 through the Court's CM/ECF system, which will send notice of filing to all counsel of record, including:

Robert McGuire
United States Attorney's Office
Middle District of Tennessee
719 Church Street, Suite 3300
Nashville, TN 37203
robert.mcguire@usdoj.gov
*Counsel for the United States*

Paul R. McAdoo (BPR No. 034066)
Reporters Committee for Freedom of the Press
6688 Nolensville Rd., Suite 108-20
Brentwood, TN 37027
*Counsel for Scripps Media, Inc.*

*/s/ John R. Glover*
John R. Glover